This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38824**

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee,

v.

**MARIA CRISTINA COELLO-PAGAN,**

Defendant-Appellant,

and

**GILBERT PATRICK GONZALES; THE
TRAILS COMMUNITY ASSOCIATION,
INC.; and THE UNKNOWN SPOUSE
OF MARIA CRISTINA COELLO-COLON,
if any,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Victor S. Lopez, District Judge**

McCarthy & Holthus, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee

Rachel O. Woods
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

{1}     Maria Cristina Coello-Pagan (Defendant) appeals from the district court's order granting summary judgment against her and in favor of Plaintiff. Defendant filed a memorandum in opposition concerning our proposed summary affirmance, which we have duly considered. Remaining unpersuaded that Defendant has shown error on appeal, we affirm.

{2}     In Defendant's memorandum in opposition, she continues to assert that "[w]hen a purported transfer of a note is made to a yet to be named party, or 'bearer' by way of a 'blank indorsement' and the mortgage under the operation of other New Mexico law remains with a named party, less than the entire instrument of the note and mortgage is purported to be made to the yet to be named party to the note." [MIO 6] From this, Defendant asserts that even if Plaintiff had possession of the note, indorsed in blank, at the time it filed suit, it nevertheless lacks standing because the blank indorsement gives Plaintiff "no rights to the entire instrument of the note and [m]ortgage." [MIO 6] As we suggested in our notice of proposed disposition, this argument has no merit because Plaintiff is both the holder of the note and the *named* entity to whom the mortgage was transferred. [CN 6] Thus, Plaintiff established that it had the rights of enforcement and ownership, respectively, to the "entire instrument of the note and mortgage." [MIO 6]

{3}     Defendant has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**